People v Nesmith (2025 NY Slip Op 00736)

People v Nesmith

2025 NY Slip Op 00736

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

3 KA 21-01362

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAIAH NESMITH, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 5, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Preliminarily, as defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid. Defendant orally waived his right to appeal and executed a written waiver thereof. The language in the written waiver is inaccurate and misleading insofar as it purports to impose "an absolute bar to the taking of a direct appeal" and to deprive defendant of his "attendant rights to counsel and poor person relief, [as well as] all postconviction relief separate from the direct appeal" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Rumph, 207 AD3d 1209, 1210 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]; People v Hunter, 203 AD3d 1686, 1686 [4th Dept 2022], lv denied 38 NY3d 1033 [2022]). Although Supreme Court's colloquy "referred to issues that would still be preserved for appeal, including 'constitutional issues' and 'jurisdictional issues,' " the court's verbal statements " 'did nothing to counter the other inaccuracies set forth in the written appeal waiver' " (Hunter, 203 AD3d at 1686; see People v Bouie, 227 AD3d 1540, 1540-1541 [4th Dept 2024], lv denied 42 NY3d 925 [2024]; Rumph, 207 AD3d at 1210).
Defendant contends that he was denied effective assistance of counsel because defense counsel did not await a decision on defendant's request for a bill of particulars and did not further investigate a possible Brady violation. Defendant's contention survives his guilty plea only insofar as he demonstrates that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered into the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Lewis, 228 AD3d 1247, 1248 [4th Dept 2024], lv denied 42 NY3d 1036 [2024]). In addition, to the extent that defendant's contention is based on matters outside the record on appeal, it must be raised by way of motion pursuant to CPL 440.10 (see People v Dunn, 229 AD3d 1220, 1223 [4th Dept 2024]; Lewis, 228 AD3d at 1248). To the extent that defendant's contention survives his guilty plea and is based on the record before us, we conclude that defendant's contention lacks merit inasmuch as defendant "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]; see People v Scott, 204 AD3d 1448, 1448-1449 [4th Dept 2022], lv denied 38 NY3d 1074 [2022]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see People v Penfold, 229 AD3d 1299, 1300 [4th Dept 2024], lv [*2]denied 42 NY3d 1021 [2024]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court